SHEDD, Circuit Judge,
concurring:
I agree with the majority that the Feres “incident to service” test warrants our abstention from reviewing Aikens’ § 1983 claim. Although that determination is dis-positive of this appeal, I write briefly to express my view that even if Feres were inapplicable, the summary judgment is af-firmable based on Aikens’ failure to present sufficient evidence to withstand the summary judgment motion.
Aikens’ § 1983 claim is based on his contention that Ingram and von Jess violated his Fourth Amendment rights, and Aikens “grounds his Fourth Amendment claims in [their] personal involvement in the searches and seizures of his emails.” Reply Brief, at 12. In moving for summary judgment, Ingram and von Jess presented evidence showing that they were not personally involved in the email monitoring. Despite having had ample opportunity, Aikens has failed to present any evidence to create a genuine issue of material fact tending to show otherwise. Instead, as the district court found, the record establishes that Ingram and von Jess “were not involved, directly or indirectly, in the [email] monitoring,” and “[n]o evidence has been presented that demonstrates either defendant knew how the emails were obtained.... ” Aikens v. Ingram, 71 F.Supp.3d 562, 571-72 (E.D.N.C. 2014).
Aikens’ entire case is premised on con-clusory allegations and speculation. Of course, such “evidence” is insufficient to withstand summary judgment. Hum-phreys & Partners Architects, L.P. v. Lessard Design, Inc., 790 F.3d 532, 540 (4th Cir.2015). Accordingly, Aikens’ § 1983 claim fails as a matter of law. For this reason, in addition to the Feres “incident to service” test, I believe the summary judgment should be affirmed.